IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-000165-FL-RN

**Cynthia G. Foley**,

    Plaintiff,

v.

**Express Support Home Care, LLC**,

    Defendants.

**Order &
Memorandum & Recommendation**

    Plaintiff Cynthia G. Foley, proceeding pro se, brought this lawsuit to recover for employment- and disability-related discrimination she claims to have suffered while working for Express Support Home Care, LLC. Before the court is Foley's request to pursue this action without paying the standard filing fee. D.E. 2. In connection with that request, the court must also assess the viability of her claims. While this opinion grants her request to avoid paying the filing fee, it also recommends that the District Court dismiss this action. Foley's claims are subject to dismiss because she did not pursue her administrative remedies at the EEOC in a timely manner and she has named defendants who are not subject to suit under the laws that establish her claims.

**I.    Background**

    Foley began this action in March 2024 when she filed a complaint and a motion to be relieved from paying the filing fee. The court referred that motion to the undersigned shortly after its filing. As part of considering that motion, the court must also consider the viability of Foley's claims. 28 U.S.C. § 1915(e).

Foley's Original Complaint listed three defendants in the caption: Express Support Home Care, LLC, the Austin Law Firm, and Jarold Johnston. Yet in the body of the document, it named Reggie Ogbonna, Patrick Ogbonna, John Austin, and Jarold Johnston as defendants. The Ogbonnas are the owners of Express Support Home Care, Austin is the company's attorney, and Johnston was one of Foley's colleagues.

Foley claimed Defendants discriminated against her based on her race, sex, national origin, and disability. The Original Complaint contained few supporting allegations other than that she injured her wrist and elbow in February 2020, that someone "abused [her] medical profiles[,]" and that she was relocated to a location that required her to drive 76 miles each way to work. Foley also attached several dozen pages of documents to her Original Complaint.

After reviewing the Original Complaint, the court noted that her pleading did "not fully set out the facts underlying her claim." June 13, 2024 Order at 1, D.E. 10. It ordered her to "file an amended complaint that sets out the facts supporting her claims in numbered paragraphs." *Id.* And the court explained that "[t]he amended complaint should state, with specificity, the facts underlying her claims and the actions each defendant took that she claims violated her rights." *Id*.

The Amended Complaint, however, provided little additional information. For example, the Amended Complaint referred to "the above-listed defendants" but it identified no one as a defendant. Nor did it clearly set out the facts supporting her discrimination claim. Instead, it discussed issues related to other matters like a worker's compensation claim and a bankruptcy proceeding.

So the court held a hearing with Foley to explain what the court needed her to provide to assess her claims. At the end of that hearing, the court ordered Foley to file a Second Amended

2

Complaint and ordered the Clerk of Court to provide her with a form complaint for employment discrimination matters as well as the court's guide for pro se litigants.

In response, Foley filed three complaints. Two of those complaints are general form complaints for civil actions and the third is a form complaint for employment discrimination actions. The court will refer to these documents collectively as the Second Amended Complaint. The documents name different individuals and entities as defendants in their captions, but they all name the same individuals as defendants in their bodies: the Ogbonnas, Johnston, and Austin.

The allegations in these documents cover a lot of ground. There is discussion of Foley's bankruptcy proceeding, a lawsuit filed in North Carolina state court, her unemployment benefits claim, and her workers compensation proceedings.

As for her employment discrimination claims, Foley claims that the defendants violated her rights under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. She maintains that they have done so by terminating her, failing to accommodate her disability, subjecting her to unequal terms and conditions of employment, and by retaliating against her. And Foley believes the defendants discriminated against her because of her race, color, gender or sex, national origin, and her disability.

She provides limited details about these allegations, but among the details provided was that she was terminated in March 2020 and filed her charge of discrimination with the EEOC in September 2023. Foley's pleading also includes over 400 pages of other documents.

II. **IFP Motion**

Foley asks the court to allow her to proceed with this action without paying the required filing fee and other costs associated with litigation (colloquially known as proceeding in forma pauperis or IFP). The court may grant her request if she submits an affidavit describing her assets

and the court finds that she is unable to pay the filing fee. 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation "and still be able to provide himself and his dependents with the necessities of life." *Adkins* v. *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted).

The court has reviewed Foley's application and finds that she lacks the resources to pay the costs associated with this litigation. The court thus grants Foley's motion (D.E. 2) and allows her to proceed IFP.

### III. Screening Under 28 U.S.C. § 1915

Along with determining whether Foley is entitled to IFP status, the court must also analyze the viability of the claims contained in the Second Amended Complaint. 28 U.S.C. § 1915(e). The court reviews a complaint to eliminate claims that unnecessarily impede judicial efficiency and the administration of justice. The court must dismiss any portion of the complaint it determines is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Foley's *pro se* status relaxes, but does not eliminate, the requirement that her pleading contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's

4

allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson* v. *BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Before turning to the merits of Foley's claims, it is necessary to address two preliminary matters in light of the numerous and voluminous pleadings Foley has filed. First, the undersigned will only consider the allegations in the Second Amended Complaint when conducting the § 1915 screening because the filing of an amended pleading superseded any earlier filed pleadings. *Fawzy* v. *Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed Amended Complaint supersedes the original one and becomes the operative complaint in the case, it renders the Original Complaint of no effect.").

And second, in determining the sufficiency of Foley's allegations, the undersigned will only consider the factual allegations explicitly set out in the Second Amended Complaint. The court previously warned Foley that she needed to set out her allegations in numbered paragraphs. It is neither the court's role, nor its obligation to search through hundreds of pages of documents to construct a claim for a pro se litigant. *See Beaudett* v. *City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *B.D. ex rel. Dragomir* v. *Griggs*, No. 1:09-CV-439, 2010 WL 2775841, at *7 (W.D.N.C. July 13, 2010), *aff'd*, 419 F. App'x 406 (4th Cir. 2011) (The court "is not obligated, even for a pro se litigant, to comb through volumes of documents searching for claims.").

Foley has brought claims for discrimination under Title VII of the Civil Rights Act of 1964 as well as the Americans with Disabilities Act. Both laws require a plaintiff to file a charge of discrimination with the EEOC before they can sue in federal court. 42 U.S.C. §§ 2000e-5(f)(1) & 12117(a). The plaintiff must file their charge of discrimination within 180-days of the allegedly discriminatory acts. *Id.* §§ 2000e-5(e)(1) & 12117(a). If a plaintiff does not meet this deadline, he "lose[s] the ability to recover" for the allegedly discriminatory act. *Nat'l R.R.*

5

Case 5:24-cv-00165-FL    Document 17    Filed 08/20/24    Page 5 of 7

*Passenger Corp.* v. *Morgan*, 536 U.S. 101, 109–15 (2002). In other words, claims based on an untimely charge of discrimination are subject to dismissal.

Foley's Second Amended Complaint establishes that she did not file her charge of discrimination within the time required by Title VII and the ADA. Her pleading alleges that her employer fired her in March 2020. Second Am. Compl. § 2(A), D.E. 15–2 at 4. And it also shows that she did not file a charge of discrimination until September 2023—almost three and a half years after the allegedly discriminatory conduct. *Id.* § IV(A), D.E. 15–2 at 5. Since Foley did not file her charge of discrimination within 180-days of her termination, she has lost the ability to recover for any discriminatory conduct by her former employer.[1] The District Court should dismiss these claims.

But even if Foley has filed a timely charge, her claims against the four individuals named in the Second Amended Complaint would still be subject to dismissal. Both Title VII and the ADA prohibit discrimination by employers. 42 U.S.C. §§ 2000e-2(a), 12111(2) & 12112(a). Those laws do not provide for claims against individual defendants in their individual capacities. *Baird ex rel. Baird* v. *Rose*, 192 F.3d 462, 472 (4th Cir. 1999). So Foley cannot maintain a Title VII or ADA claim against the Ogbonnas, Johnston, or Austin in their individual capacities. Instead, any claims would have to be brought directly against her former employer. So the District Court should dismiss those individuals from this case.

## IV. Conclusion

The court finds that Foley lacks the resources to pay the costs associated with this litigation and grants her request to proceed IFP. D.E. 2. Yet because Foley did not file her EEOC

---

[1] The 180-day filing period is subject to equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The undersigned has reviewed the Second Amended Complaint and its attachments and sees no reason why equitable tolling would apply here.

claim in a timely manner and has named defendants who are not subject to suit under Title VII or the ADA, the District Court should dismiss her action.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: August 19, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge