IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-165-FL

| | |
|---|---|
| CYNTHIA G. FOLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EXPRESS SUPPORT HOME CARE, LLC; )<br>REGGIE OGBONNA; PATRICK )<br>OGBONNA; JAROLD JOHNSTON; and )<br>JOHN AUSTIN, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court for review of plaintiff's pro se complaint (DE 15) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's complaint be dismissed. (DE 17). Plaintiff filed objections to the M&R, and in this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b); see Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The magistrate judge recommends dismissal of plaintiff's complaint for failure to exhaust timely administrative remedies. Both Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, upon which plaintiff bases her claims in this court, require a plaintiff to file

1

an administrative charge of discrimination within 180 days of the allegedly discriminatory adverse employment actions. 42 U.S.C. §§ 2000e-5(f)(1) & 12117(a). In her complaint, plaintiff alleges termination in March 2020 and other actions while employed in 2019 and 2020, (DE 15-2 at 4), but that she did not file a charge with the Equal Employment Opportunity Commission until September 2023, (id. at 5), well beyond the 180 day time period. Therefore, plaintiff's complaint must be dismissed as time barred.[1]

In her objections, plaintiff suggests that the 180 day time period is subject to equitable tolling because she "did not know that [she] was discriminated against until the dates of depositions" held in a separate action March 2023. (Obj. (DE 22) at 1). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). "Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond [the plaintiff's] control prevented [her] from complying with the statutory time limit." Id. Courts "have allowed equitable tolling in situations where . . . where the complainant has been induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 93 (1990). Courts "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving [her] legal rights." Id.

Here, plaintiff does not allege facts meeting this standard. She alleges in her objections that she gained information in depositions held in March 2023 regarding her employer's ability to make "reasonable accommodations" for her in 2020, and regarding "gender discrimination" in the

---

[1] Because the action must be dismissed as time barred, the court does not address separately the alternative basis for dismissal raised in the M&R concerning the naming of the correct defendant in an employment discrimination action.

2

form of a relocation also in 2020. (DE 22 at 1-2). Such information obtained from deposition testimony in a separate legal case, however, does not give rise to a plausible inference that plaintiff "has been induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass." Irwin, 498 U.S. at 93. Rather, the allegations concern alleged conduct by her employer or other employees prior to her alleged termination. (DE 22 at 1-3). As such they do not form a basis for equitable tolling.

In sum, upon de novo review of the M&R, the court finds magistrate judge's analysis to be correct. Accordingly, the court hereby ADOPTS the recommendation of the magistrate judge as its own, and plaintiff's action is DISMISSED for failure to state a claim upon which relief can be granted. The clerk of court is DIRECTED to close the case.

SO ORDERED, this the 9th day of December, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge